FILED

MAR 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD FOSTER, | No. 09-16314 |
| Plaintiff - Appellant, | D.C. No. 1:06-CV-00792-BLW-MHW |
| v. | |
| NOYCE, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
B. Lynn Winmill, District Judge, Presiding[**]

Submitted February 15, 2011[***]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

California state prisoner Ronald Foster appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable B. Lynn Winmill, Chief Judge of the District of Idaho, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deprived him of an adequate number of daily meals. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Foster's Eighth Amendment claim because Foster failed to raise a genuine issue of material fact as to whether the food he received was inadequate to maintain his health. *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health. . . .").

The district court properly dismissed Foster's due process claim because it was correctly construed as an Eighth Amendment claim. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims").

Foster's remaining contentions are unpersuasive.

**AFFIRMED.**